UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOM WELLS AND MERRIDEE WELLS, h/w ) <br> ) <br> Plaintiff ) <br> vs. ) <br> ) <br> NCO FINANCIAL SYSTEMS, INC. ) <br> & ) <br> CITIBANK, N.A. ) <br> ) <br> Defendants ) | Case Number <br><br> CIVIL COMPLAINT <br><br> JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiffs, Tom Wells and Merridee Wells, h/w, by and through their undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendants, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiffs, Tom & Merridee Wells, h/w, are an adult natural persons and they bring this action for actual and statutory damages and other relief against Defendant, NCO, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices, as well as against both Defendants for Breach of Contract and violations of the Texas Debt Collection Practices Act (TDCPA)

## II. JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.      Venue in this District is proper in that Defendant, NCO, maintains a primary location in this District.

## III. PARTIES

4.      Plaintiffs, Tom & Merridee Wells, h/w, are adult natural persons residing in Hamilton, Texas.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, NCO Financial Systems, Inc. ("Defendant, NCO"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of Texas, with its principal place of business located at 507 Prudential Road, Horsham, PA 19044

6.      Defendant, Citibank, N.A., ("Defendant, Citibank") at all times relevant hereto, is and was a banking corporation with core services that include consumer and small business banking, credit cards, and asset management.  Defendant is also engaged in the business of collection on said credit cards in the State of Texas and the State of New York with a location at 399 Park Avenue, New York, New York 10022-4614.

7.      Defendants, both of them, are engaged in the collection of debts from consumers using the telephone and mail.  Defendant, NCO, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  FACTUAL ALLEGATIONS

8. On or about January 30, 2012, Plaintiffs entered into a settlement arrangement with assistance from their debt settlement company with Defendant, NCO, on a debt allegedly owed to Defendant, Citibank.  **See EXHIBIT "A" (settlement letter) attached hereto**.

9. Plaintiffs are said to owe an original balance of $4,128.42.

10. Defendant, NCO, offered the Plaintiffs the opportunity to settle the above account for $1,652.00.

11. Plaintiffs agreed to make five (5) monthly payments until the balance was settled in full.

12. Plaintiffs first payment in the amount of $710.00 was due on or before January 31, 2012.

13. Plaintiffs were to follow with three (3) payments of $237.00 starting February 28, 2012 and ending April 24, 2012.

14. Plaintiffs last and final payment was due on or before May 22, 2012 in the amount of $231.00.

15. On January 31, 2012, Plaintiffs issued the initial payment to Defendant, NCO, via check by phone in the amount of $710.00.

16. Defendant, NCO, accepted and did not return this payment.

17. Plaintiffs issued the February and March, 2012 Payments timely via check both in the amount of $237.00.

18. Defendant, NCO, returned both the February and March payments without explanation.

19. In March, 2012, Plaintiffs debt settlement company contacted Defendant, NCO, to find out why the payments were returned in the middle of a settlement arrangement.

20. Defendant, NCO, said that the account was recalled because Defendant, Citibank, does not accept actual checks.

21. Defendant, NCO, stated that Defendant, Citibank, can only accept check by phone or automated payments.

22. The settlement letter issued to the Plaintiffs does not state that payments cannot be in the form of an actual check.

23. Defendant, NCO, will not honor the settlement that was in place.

24. Defendant, Citibank, also refuses to honor the settlement arrangement that was currently in place.

25. The Defendants, NCO, and Citibank, acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

26. The Defendants, NCO, and Citibank, acted in a false, deceptive, misleading and unfair manner by their means of coercing Plaintiff to pay this debt.

27. The Defendant, NCO, knew or should have known that their actions violated the FDCPA. Additionally, Defendant, NCO, could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

28. At all times pertinent hereto, Defendants, NCO and Citibank were acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendants, herein.

29. At all times pertinent hereto, the conduct of Defendants, NCO and Citibank, as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

30. As a result of Defendants, NCO and Citibank's, conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiffs reputation, invasion of privacy, damage to Plaintiffs credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## COUNT I – FDCPA

*Plaintiffs v. NCO*

31. The above paragraphs are hereby incorporated herein by reference.

32. At all times relevant hereto, Defendant, NCO, was attempting to collect an alleged debt which was incurred by Plaintiffs for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

33. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

§§ 1692d   Any conduct the natural consequence of which is to harass, oppress or abuse any person

| | | |
|---|---|---|
| §§ 1692e | | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10) | | Any false representation or deceptive means to collect a debt |
| §§ 1692f | | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiffs respectfully prays that judgment be entered against the Defendant, NCO, for the following:

a.  Actual damages;

b.  Statutory damages pursuant to 15 U.S.C. § 1692k;

c.  Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.  Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II - BREACH OF CONTRACT

*Plaintiffs v. NCO and Citibank*

34.  The above paragraphs are hereby incorporated herein by reference.

35.  The facts set forth herein establish that there was a contractual relationship between the parties, whereby the Defendants, NCO and Citibank, promised to Plaintiffs the opportunity to participate in an agreed upon settlement. Plaintiffs accepted the invitation that was offered and agreed to participate in the settlement.

36.  Defendants are in breach of their contract.

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against the Defendants, NCO and Citibank, for the following:

    a.    Actual damages;

    b.    Statutory damages;

    c.    Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    d.    Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT III - TDCPA

## TEXAS DEBT COLLECTION PRACTICES ACT FINANCIAL CODE - SEC. 392

*Plaintiffs v. NCO and Citibank*

37.    Plaintiffs hereby restate, realleges, and incorporate herein by reference all foregoing paragraphs as if set forth fully in this count.

38.    Under the Texas Financial Code, deceptive acts or practices in the conduct of any business conducted in the State of Texas is unlawful.

    1.    Subchapter D, Section 392.304 (Fraudulent, Deceptive or Misleading Representations);

    392.304a(19)    Using any false representation or deceptive means to collect a debt or obtain information about a consumer;

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against the Defendants, and all of them, for the following:

    a.    Actual damages;

    b.    Statutory damages;

    c.       Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    d.       Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date:  June 29, 2012**

**BY: */s/  Brent F. Vullings***
Brent F. Vullings, Esquire

Vullings Law Group, LLC
3953 Ridge Pike
Suite 102
Collegeville, PA  19426
610-489-6060
610-489-1997 fax
Attorney for Plaintiff